UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARY HUDSON,**

    Plaintiff,

v.     Case No.: 8:17-cv-2072-T-30AAS

**NANCY A. BERRYHILL, acting
Commissioner of Social Security,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Mary Hudson seeks judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties (Docs. 1, 7, 18, 19), the undersigned **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

### I.     PROCEDURAL HISTORY

Ms. Hudson applied for disability benefits on September 12, 2014, alleging disability beginning April 26, 2014. (Tr. 179-89). Disability examiners denied Ms. Hudson's application initially and on reconsideration. (Tr. 99-105, 110-120). The ALJ held a hearing and, on July 28, 2016, issued a decision finding Ms. Hudson not disabled. (Tr. 22-41). The Appeals Council ("AC") denied Ms. Hudson's request for a review of the ALJ's decision, making the ALJ's

1

decision the final decision of the Commissioner. (Tr. 1-6). Ms. Hudson now seeks review of the Commissioner's final decision in this court. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Statement of the Case

Ms. Hudson was sixty-three years old at the time of the ALJ's decision. (Tr. 179). Ms. Hudson completed one year of college and has past relevant work experience as customer service representative. (Tr. 56-57, 216). Ms. Hudson alleges disability due to bursitis in her hips, back issues/sciatica, pain in her legs, diverticulitis, ulcer, high blood pressure, acid reflux, anxiety, obesity, and headaches. (Tr. 215, 231, 248).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines a claimant's residual functional capacity ("RFC").[1] Fifth, if a claimant's impairments (considering

---

[1] "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the

2

her RFC, age, education, and past work) prevent her from doing her past relevant work or other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Ms. Hudson had not engaged in substantial gainful activity since the alleged disability onset date. (Tr. 27). The ALJ then concluded that Ms. Hudson had the following severe impairments: atherosclerosis, degenerative disc disease, and morbid obesity. (*Id.*). Despite these findings, the ALJ found that Ms. Hudson's impairments or combination of impairments did not meet or medically equal the severity of the Listings. (*Id.*).

The ALJ then found Ms. Hudson had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[2] with the following limitations:

> [Ms. Hudson] can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk and sit for 6 hours in an 8-hour workday. She cannot climb ladders, ropes or scaffolds and she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can occasionally work at unprotected heights and around dangerous machinery.

(Tr. 28). Based on this finding, the ALJ determined that Ms. Hudson could perform her past relevant work as a customer service representative as well as other occupations existing in significant numbers in the national economy. (Tr. 35). Therefore, the ALJ concluded Ms. Hudson was not disabled. (Tr. 37).

---

claimant's impairments and related symptoms." *Peeler v. Astrue*, 400 F. App'x. 492, 493 n.2 (11th Cir. Oct. 15, 2010).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports her findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* (citation omitted). Instead, the court must view the evidence as a whole, considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations) (citation omitted).

#### B. Argument

Ms. Hudson argues that the AC failed to properly consider Dr. Keith Brady's medical source statement, which was completed and submitted after the ALJ's decision. (Doc. 18, pp. 7-9; Doc. 19, p. 1). In response, the Commissioner contends that the AC properly considered the medical source statement and found it would not change the ALJ's decision. (Doc. 18, pp. 9-12).

4

The AC "must consider new, material, and chronologically relevant evidence and must review the case if the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). To demonstrate that remand is necessary the claimant must establish that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted). The AC need not provide a detailed discussion of its reasons to deny a claimant's request for review. *Parks v. Comm'r Soc. Sec.*, 783 F.3d 847, 852-53 (11th Cir. 2015); *see also Washington v. Comm'r of Soc. Sec. Admin.*, 806 F.3d 1317, 1322, n.5 (11th Cir. 2015) ("When the [AC] accepts additional evidence, considers the evidence, and then denies review, it is not 'required to provide a detailed rational for denying review.'").

Here, the new evidence consists of an October 1, 2016 medical source statement completed by Ms. Hudson's treating physician, Dr. Brady. (Tr. 19-21). In the medical source statement, Dr. Brady opined Ms. Hudson suffered from hypertension, non-toxic thyroid nodule, occlusion of carotid artery, and low back pain. (*Id.*). Dr. Brady stated that Ms. Hudson would miss five or more days of work per month, would be off task more than twenty-five percent of an eight-hour workday, and would need to take unscheduled breaks for thirty to forty-five minutes each. (Tr. 19). Ms. Hudson could only lift ten pounds occasionally, would need a sit/stand option, would need to lie down during eight-hour workday, and would require the use of an assistive device for standing and walking. (Tr. 20). Dr. Brady further opined Ms. Hudson could not perform fulltime work. (Tr. 21).

As an initial matter, Ms. Hudson's contention that the AC did not consider or discuss Dr. Brady's medical source statement lacks merit. On August 2, 2017, the AC issued a notice stating:

> [Ms. Hudson] submitted a Medical Source Statement from Keith Brady, M.D., dated October 1, 2016 (3 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision.

(Tr. 2). Therefore, the medical source statement was included in the administrative record and considered on appeal.

In addition, whether a claimant is disabled is an issue reserved for the ALJ. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). A physician's opinion that a claimant is disabled is not a "medical opinion," and the regulations do "not give any special significance to the source of [the] opinion." 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Thus, Dr. Brady's statement that Ms. Hudson was unable to perform fulltime work is not entitled to any weight.

Further, the limitations imposed in Dr. Brady's medical source statement are not supported by his own treatment notes or the other medical evidence of record. *See Phillips*, 357 F.3d at 1241 (finding "good cause" to reject the treating physician's opinion where the opinion was not supported by the record and was inconsistent with the physician's own records). For example, Dr. Brady's medical source statement opined that Ms. Hudson required an assistive device for standing and walking. (Tr. 20). However, Dr. Brady's treatment notes do not reference the need for an assistive device. (Tr. 442-67). Similarly, despite imposing low back limitations on Ms. Hudson in the medical source statement, Dr. Brady never assessed a low back condition. (Tr. 442-67). Dr. Brady's physical examinations were generally unremarkable. (Tr. 442-67).

Likewise, physical examinations of Ms. Hudson by other treating sources showed no abnormalities as well as full range of motion, 5/5 muscle strength, and normal gait. (Tr. 284-302, 330-31, 378-79, 430, 433, 436). An x-ray of Ms. Hudson's hips was unremarkable, an

6

echocardiogram showed normal heart function, and x-rays of her cervical spine were normal.[3] (Tr. 282, 395, 470). Throughout Ms. Hudson's medical history, she received conservative treatment. (Tr. 282, 320). Therefore, Dr. Brady's medical source statement does not qualify as material evidence, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result.

Moreover, the AC did not err when it denied Ms. Hudson's request for review. Dr. Brady's medical source statement was created on October 1, 2016, over two months after the ALJ rendered his decision and almost five months after the hearing before the ALJ. Ms. Hudson failed to establish good cause why the medical source statement was not sought and submitted prior to the ALJ's decision. Per the Code of Federal Regulations, the AC reviews a case in five, limited circumstances:

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence;

(4) There is a broad policy or procedural issue that may affect the general public interest; and

(5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. §§ 404.970(a), 416.1470(a).

Relevant to this last circumstance, 20 C.F.R. §§ 404.970(b), 416.1470(b) state:

---

[3] With respect to the x-ray referenced in Ms. Hudson's reply brief, the ALJ specifically considered the x-ray at issue in his RFC assessment. (*See* Tr. 32). Ms. Hudson has not provided any argument as to why this x-ray is subject to further consideration.

> [T]he [AC] will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. . . .

Ms. Hudson has not presented argument in support of any of these scenarios. Nevertheless, the AC indicated in its denial of review that it had considered the post-ALJ decision medical source statement and determined that there was not a reasonable probability that its consideration by the ALJ would change the ALJ's decision, as would be required for the AC to review the case under 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

Consequently, the AC adequately considered the October 1, 2016 medial source statement and applied the correct legal standards in denying review of the ALJ's finding that Ms. Hudson was not disabled.

## V.    CONCLUSION

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)    The Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**, with each party bearing its own costs and expenses; and

(2)    The Clerk of Court enter final judgment in the Commissioner's favor consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**ENTERED** in Tampa, Florida, on this 17th day of May, 2018.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record
District Judge